**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV112-02-W
(3:03CR220-01-W)**

| | | |
|---|---|---|
| **LAMORRIS WATSON,** ) | | |
|     **Petitioner,** ) | | |
| ) | | |
|     v. ) | | <u>**ORDER**</u> |
| ) | | |
| **UNITED STATES OF AMERICA,** ) | | |
|     **Respondent.** ) | | |
| _____) | | |

**THIS MATTER** comes before the Court on Petitioner's form "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence . . . ," filed March 17, 2008. (Doc. No. 1). For the reasons stated herein, Petitioner's Motion to Vacate will be <u>denied</u> and <u>dismissed</u>.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Pertinent to this Motion, the record reflects that on December 16, 2003, a Bill of Indictment was filed, charging that Petitioner and five others had conspired to possess with intent to distribute five kilograms or more of powder cocaine, 50 grams or more of cocaine base and 100 kilograms or more of marijuana, all in violation of 21 U.S.C. §846 (Count One). (Case No. 3:03CR220-1-W, Doc. No. 3). The Indictment further charged Petitioner with possession with intent to distribute a quantity of cocaine powder, in violation of 21 U.S.C. § 841 (Count Five). (<u>Id</u>.)

Also on December 16, 2003, the Government filed a Notice, reporting its intention to seek an enhanced penalty pursuant to 21 U.S.C. § 851. (Case No. 3:03CR220-1-W, Doc. No. 4). According to that Notice, the Petitioner previously had sustained at least four felony drug convictions, thereby exposing him to a statutory mandatory minimum term of life imprisonment if convicted of the conspiracy charge set forth in Count One. See 21 U.S.C. §841(b)(1)(A).

On October 26, 2004, Petitioner appeared before a magistrate judge for his Plea and Rule 11 Hearing, during which he tendered straight-up guilty pleas to his two charges. On that occasion, the Court placed Petitioner under oath and engaged him in its standard, lengthy colloquy to ensure that his guilty pleas were being intelligently and voluntarily tendered. (Case No.3:03CR-220-01-W, Doc. No. 222: Plea and Rule 11 Transcript). In response to the Court's numerous questions, Petitioner swore that he had received a copy of the Indictment and had discussed that document with counsel; and that he understood the Court's explanation of the charges and their elements. (Id.).

Of particular relevance, Petitioner said he understood, by virtue of his three 1990 drug convictions from the Superior Court of Gaston County and his 1994 drug conviction from this Court, that he was facing a mandatory life sentence for the conspiracy charge and a maximum term of 30 years for the possession charge;

that he understood that his sentence could not be determined until after a Pre-Sentence Report could be prepared for him; that if he eventually was sentenced to a term which was more severe that he had expected, or if the Court were to reject the Government's sentencing recommendations, he still would be bound by his guilty pleas; that he had taken enough time to discuss possible defenses with counsel; that he was tendering guilty pleas because he, in fact, was guilty of the subject offenses; that no one had made him any promises of leniency or a light sentence to induce his guilty pleas; that no one had threatened, intimidated, or otherwise forced him into pleading guilty; and that he was satisfied with the services of his attorney. (Id.). Thus, at the conclusion of that proceeding, the magistrate judge conditionally accepted Petitioner's guilty pleas. (Case No. 3:03CR220-1-W, Doc. No. 83: Entry and Acceptance Of Guilty Plea form).

On July 27, 2006, the Government filed a "Motion For A Downward Departure U.S.S.G. § 5K1.1 And 18 U.S.C. §3553(e). By that Motion, the Government asserted that, notwithstanding that Petitioner twice had tested positive for marijuana use while on pre-trial release and that he had admitted to other violations of his release conditions, he also had provided substantial assistance in the investigation and prosecution of other persons. Further, the Government's Motion reported that Petitioner's

3

Offense Level was 39, his Criminal History Category was VI, and his prior drug convictions made him a Career Offender.

However, the Motion indicated the Government's its intention to withdraw its § 851 Notice as to three of the four convictions which were listed therein. Ultimately, the Government requested a departure from Offense Level 39 down to Offense Level 33, and it recommended a 240-month sentence, that is, a term at the lowest point within the adjusted range of 240 to 293 months.[1]

On September 5, 2006, the Court held Petitioner's Factual Basis and Sentencing Hearing. At the beginning of that Hearing, Petitioner reaffirmed the representations which he had made during his Plea Hearing, including his admission that he was guilty of the charged offenses. (Case No. 3:03CR220-1-W, Doc. No. 224: Sentencing Transcript). Petitioner told the Court that he had reviewed his Pre-Sentence Report with his attorney, and he understood its contents. (Id.). Defense counsel stipulated that the Report set forth an adequate factual basis to support Petitioner's guilty pleas. (Id.). Thus, the Court unconditionally accepted Petitioner's guilty pleas and convicted him of the two charges. (Id.).

Next, the Court noted the Report's pre-departure calculations, and gave the Government an opportunity to explain he basis

---

[1] Although the caption of the Government's Motion referenced 18 U.S.C. § 3553(e), neither that Motion nor the prosecutor ever asked the Court to impose a sentence below the statutory mandatory minimum 240-month term which became applicable upon the Government's partial withdraw of its § 851 Notice.

4

of its request for a departure.  The Government then explained that its request for a departure was based upon Petitioner's substantial assistance; and that it was recommending a 240-month term because that sentence struck a balance between Petitioner's significant involvement in the instant offenses and his cooperation with the Government.

However, defense counsel pointed out the volume and quality of Petitioner's cooperation, and the risk of danger to which that cooperation had exposed Petitioner and his family.  Thereafter, defense counsel asked the Court to consider a departure below the 20-year sentence which the Government had recommended.

For his part, Petitioner took responsibility for his bad choices, and explained that despite his efforts, he always had gotten involved with drugs. Petitioner also explained that he had done all he could to cooperate with authorities; that he had wasted no time coming to Court to face his consequences; and that he knew that he was "facing life."  Petitioner further asked the Court to consider that he had six beloved children; that he had not had an opportunity to say goodbye to his family; and that he had a successful, legitimate business which he was leaving behind.

After considering that information, the Court concurred with the attorneys' representations that Petitioner had done a "substantial amount of cooperation."  However, the Court also

explained to the defense that, based upon the facts of this case, it lacked the authority to depart below the statutory mandatory minimum 20-year term. Thus, the Court granted the Government's Motion, and sentenced Petitioner to two vastly reduced, concurrent terms of 240 months imprisonment.

Thereafter, Petitioner timely appealed his case to the Fourth Circuit Court of Appeals. On appeal, defense counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), but also asked the Court to determine whether Petitioner had received a reasonable sentence in light of the substantial assistance which he had rendered to the Government. United States v. Watson, No 06-5023, slip op. at 2 (4th Cir. June 21, 2007). Petitioner declined the opportunity to file his own supplemental brief. Id.

Upon its review, the Circuit Court determined that Petitioner's guilty plea was knowingly and voluntarily entered after a thorough hearing had been conducted pursuant to Fed.R.Crim.P. 11. Id. The Circuit Court also determined that this Court properly had departed -- from a mandatory life sentence down to a range of 240 to 293 months -- based upon Petitioner's assistance; and that this Court had imposed the lowest possible sentences within the properly calculated Guidelines range. Id. at 2-3. Consequently, the Court of Appeals concluded that there were no meritorious issues for appeal, and it affirmed Petitioner's

6

convictions and sentences. Id. at 3.

Now, Petitioner has returned to this Court on the instant Motion to Vacate. By his Motion, Petitioner argues simply that his counsel was ineffective because: (1) he misrepresented the facts that Petitioner's guilty plea and his cooperation could have allowed him to "circumvent the application of the minimum mandatory term" which he was facing; and (2) he failed to investigate the law and advise Petitioner that the 20-year minimum mandatory term could not be circumvented by Petitioner's substantial assistance. Notwithstanding Petitioner's obvious beliefs to the contrary, however, the Court has determined that his two claims are defeated by the record, and the relevant legal precedent.

## II. **ANALYSIS**

### 1. **This Court is authorized to promptly review and dismiss any § 2255 motion which does not contain a claim that entitles the petitioner to relief**.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that the petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court carefully has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to relief on either of his two claims.

### 2. **Petitioner has failed to demonstrate that counsel was ineffective**.

With respect to claims of ineffective assistance of counsel, Petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at 697.

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

More critically, inasmuch as Petitioner has alleged ineffective assistance of counsel following the entry of his guilty plea, he has a different burden to meet. See Hill v. Lockhart, 474 U.S. at 53-59; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described a petitioner's burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that there is a reasonable probability that, but for counsel's errors, <u>he would not have pleaded guilty and would have insisted on going to trial</u>."

Hooper, 845 F.2d at 475 (emphasis added); accord Hill v. Lockhart, 474 U.S. at 59-60; and Fields, 956 F.2d at 1297. Critically, however, if a petitioner fails to meet his burden of

9

demonstrating prejudice, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at 697.

Thus, "the central inquiry" is whether, but for counsel's alleged errors, this Petitioner would have insisted on a trial. Slavek v. Kinkle, 359 F.Supp.2d 473, 491 (E.D. Va. 2005) (summarily rejecting claims of ineffectiveness on prejudice prong based on petitioner's failure and inability to argue that but for alleged errors, he would have insisted on trial or entered a different guilty plea). Courts have stated that this inquiry is an "objective one based on whether going to trial might reasonably have resulted in a different outcome." Martin v. United States, 395 F. Supp. 2d 326, 329 (D. S.C. 2005). See also Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001) (finding that in light of overwhelming evidence of guilt and lack of available defenses, petitioner could not establish prejudice under the modified "reasonable probability" standard); and Burket v. Angelone, 208 F.3d 172, 190-91 (4th Cir. 2000) (same).

Turning back to the record, as an initial matter the Court reiterates that during his Plea and Rule 11 Hearing, Petitioner swore that no one had made him any promises of lenience or of a light sentence in order to induce his guilty pleas. Likewise, Petitioner swore that he understood that his sentence could not be determined until after his Pre-Sentence Report was completed.

Therefore, on this record, Petitioner cannot establish that counsel actually made any statements upon which he detrimentally relied.

Moreover, while the Court is aware that Petitioner has asserted that but for counsel's alleged ineffectiveness, he would have not have pled guilty, such assertion is highly suspect in light of the facts. That is, Petitioner does not claim that he was innocent of the instant offenses. Nor has Petitioner bothered to point the Court to any evidence which counsel could have presented in order to secure an acquittal.

On the other hand, the Government's evidence, as summarized in Petitioner's Pre-Sentence Report, tended to reflect that Petitioner was a leader/organizer of a 6-man conspiracy which operated from October 2002 until July 2003; and that Petitioner personally was responsible for transactions involving at least 3.9 kilograms of crack, over 1,000 kilograms of cocaine powder, and more than 190 kilograms of marijuana. Based upon his criminal history and the conduct of the instant offense, had Petitioner been convicted at trial, he would have been exposed to a statutory minimum mandatory term of life imprisonment. Thus, the Court finds that it was quite reasonable for Petitioner to have pled guilty and provided cooperation in an effort to secure a significantly lower sentence for himself.

Furthermore, the crux of Petitioner's two claims -- that

counsel misled him into believing that his cooperation could have resulted in a sentence which was below the statutory mandatory minimum term when no such opportunity was available to him -- simply is erroneous.  Rather, in <u>Melendez v. United States</u>, 518 U.S. 120, 126-27 (1996), the U.S. Supreme Court made it clear that district courts, in fact, have the authority to depart below statutory minimum mandatory terms, but only when the Government makes the proper motion authorizing such departures.  To put it another way, the <u>Melendez</u> Court held that, before a district court can impose a sentence below a statutory mandatory minimum, the government must specifically move for such a departure.  <u>Id</u>. at 129-30. <u>See also</u> <u>United States v. Allen</u>, 450 F.3d 565 (2006) (noting that only a properly made motion under 18 U.S.C. § 3553(e), not even the intentions of the Government and the defense, can give the court the authority to impose a sentence below the statutory minimum); and <u>United States v. Johnson</u>, 393 F.3d 466 (4th Cir. 2004) (noting that the particular type of motion for substantial assistance consideration determines the type of departure a district court is authorized to make).

Based upon the foregoing, then, defense counsel was not ineffective for having advised Petitioner that providing substantial assistance could have offered him a way to circumvent the statutory mandatory minimum term to which he otherwise was exposed.  Indeed, it is clear that, if the Government had

concluded that Petitioner's case -- i.e., his offense conduct and his prior criminal record matched against his substantial assistance – warranted a request for a sentence below his newly calculated 20-year statutory mandatory minimum term, the Government could have authorized this Court to consider making that departure. Obviously, however, the Government did not find such a reduction to have been warranted in this case. Ultimately, therefore, Petitioner cannot establish either that counsel's advise was erroneous, or that he was prejudiced by that advice.

Rather, this record makes it clear that based upon counsel's effective assistance and Petitioner's cooperation, Petitioner received a sentence which was far below the term to which he would have been exposed had he gone to trial and sustained a conviction. Consequently, Petitioner's claims must be flatly rejected.

### III. CONCLUSION

Petitioner has failed to establish that he is entitled to any relief on his claims against his former attorney. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to dismiss the instant Motion to Vacate.

### V. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate is **DENIED and DISMISSED.**

SO ORDERED.

Signed: March 25, 2008

Frank D. Whitney
United States District Judge